FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 1 3 2004

CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARVIN BROWN,

    Plaintiff,

v.

No. CIV-04-0874 LH/LFG

BARRY HERTZOG, Deputy Warden;
RODNEY TAYLOR, Disciplinary Hearing Officer;
LINDA BREAUX, Librarian;
RACHEL GOMEZ, Paralegal; and
D. AUSTIN, Disciplinary Officer,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte*, under 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's removed civil rights complaint. Plaintiff is incarcerated and appears pro se. The removing Defendants paid the filing fee. For the reasons below, Plaintiff's complaint will be dismissed.

Under §1915A, the Court "shall . . . dismiss" a prisoner's complaint *sua sponte* if the "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the

allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names five Defendants and asserts claims for constitutional violations and state law torts. Plaintiff alleges he was falsely accused of damage to property, at least partly in retaliation for his constitutionally protected activities in the prison library, and deprived of due process in subsequent disciplinary proceedings. His disciplinary punishment was a charge against his trust account for the property damage and forfeiture of thirty days good time credit. For relief he seeks restoration of the good time credits, expunction of the disciplinary record, and damages.

No relief is available under 42 U.S.C. § 1983 on Plaintiff's claim for restoration of good time credits. This claim must be brought as an application for writ of habeas corpus. "We have previously determined issues concerning prison disciplinary proceedings, including revocation of good time credit, are properly adjudicated under 28 U.S.C. § 2241." *Caserta v. Kaiser*, No. 00-6108, 2000 WL 1616248, at **1 (10th Cir. Oct. 30, 2000) (citing *United States v. Furman*, 112 F.3d 435, 438 (10th Cir. 1997)). Such claims initially must be exhausted in state court. "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000); *see also Aguiar v. Tafoya*, No. 02-2348, 2004 WL 848417, at **2 (10th Cir. Apr. 21, 2004) (noting that petitioner had presented good time restoration claim in state court habeas proceeding). Plaintiff makes no allegation of exhaustion of state court remedies, and this claim will be dismissed without prejudice.

Plaintiff's damages claims under § 1983 for the forfeiture of good time credits are barred by the principle announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a convicted defendant may not bring a suit for damages under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. And in *Edwards v. Balisok*, 520 U.S. 641, 648 (1997), the rule was extended to actions for denial of

good time credit affecting length of sentence. Plaintiff does not allege that the forfeiture of his good time credits has been set aside, *see Heck*, 512 U.S. at 486-87, and this claim will be dismissed.

Plaintiff's complaint does not support a claim of denial of due process in the disciplinary proceedings. "[T]he full panoply of rights due a criminal defendant . . . does not apply" in prison disciplinary hearings. *See Wolff v. McDonnell* 418 U.S. 539, 556 (1974). The minimum due process requirements for prisoners in the context of a disciplinary hearing are: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; . . . (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action, . . . [and (4)] findings of the prison disciplinary board . . . supported by some evidence in the record." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *see also Gamble v. Calbone*, 375 F.3d 1021, 1028 (10th Cir. 2004) (applying "some evidence" standard for disciplinary forfeiture of good time credits in § 2241 proceeding).

Here, although Plaintiff assets that there was no evidence to support the ruling in the disciplinary proceeding, his own factual allegations defeat this claim. Plaintiff concedes, and attachments to the complaint confirm, that witnesses presented a report and testimony of first-hand knowledge of the alleged property damage and the cost of replacement. This is "some evidence" for purposes of disciplinary due process. *See Aquiar v. Tafoya*, No. 02-2348, 2004 WL 848417, at **4 (10th Cir. Apr. 21, 2004) (in *Hill*, " 'some evidence' existed . . . where the disciplinary board had both a written report of an officer describing specific facts and his testimony . . . that the officer had witnessed the immediate aftermath of [the events]."). Plaintiff's other allegations in support of this due process claim merely depict nonconstitutional irregularities in the procedure and disagree with rulings of the hearing officer. Plaintiff's due process damages claim and the claim for expunction

3

of the disciplinary record will be dismissed.

Last, no relief is available on Plaintiff's retaliation claim. He makes only a conclusory assertion that Defendant Gomez brought disciplinary charges "in retaliation of Petitioner accessing his privileges to access the legal library every week." Plaintiff presents no factual support for this assertion. *See Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (requiring "a chronology of events from which retaliation may plausibly be inferred.") (cited in *Cowles-Sims v. Fields*, No. 02-6271, 2003 WL 21949786, at **3 (10th Cir. Aug 15, 2003)). The plausibility of Plaintiff's retaliation claim is further reduced by the disciplinary ruling that Plaintiff did cause property damage. Furthermore, use of a prison library is not a constitutional right per se. A § 1983 action may not be based on claims of an "abstract, free-standing right to a law library. . . ." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Plaintiff's retaliation claim will be dismissed. Having dismissed Plaintiff's federal claims, the Court will not exercise supplemental jurisdiction of Plaintiff's state law claims. *See* 28 U.S.C. § 1367(a) and (c); *American Bush v. City of South Salt Lake*, No. 01-4121, 2002 WL 1443474, at **2 (10th Cir. July 5, 2002).

IT IS THEREFORE ORDERED that Plaintiff's state law claims and his claims of wrongful forfeiture of good time credits are DISMISSED without prejudice; otherwise Plaintiff's complaint is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), judgment will be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE
For C. Leroy Hansen

4